UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>CITIBANK, N.A,<br><br>   Defendant. | Case No. 23-cv-05378-JST<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: ECF No. 31 |

Before the Court is Plaintiff Carneice Hall-Johnson's motion to remand her state-law claims to state court. ECF No. 31. The Court will deny the motion.

On August 11, 2023, Plaintiff filed this action in San Francisco County Superior Court alleging violations of 42 U.S.C. § 1981, violations of California's Unfair Competition Law, and several state law tort claims. ECF No. 1-1 at 7–20. Defendant Citibank, N.A. represents that it first received notice of the lawsuit on September 21, 2023.[1] ECF No. 1 ¶ 3. On October 20, 2023, Defendant removed the action to federal court under 28 U.S.C. § 1441 based on original federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff filed this motion on February 14, 2024, seeking remand of the nine state-law claims. ECF No. 31 at 3, 6.

Defendant first argues that the Court should reject Plaintiff's motion as untimely. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The 30-day time limit in section 1447(c) doesn't apply to Plaintiff's motion, however, because she *does* allege "a lack of subject matter jurisdiction." She contends

---

[1] Plaintiff's motion does not challenge the timeliness of Defendant's notice of removal.

that remand is required because "[t]his Court does not have subject matter jurisdiction over [her] nine state causes of action." ECF No. 31 at 3.

Plaintiff is incorrect. First, because Plaintiff alleges a federal claim under 42 U.S.C. § 1981, this case presents a federal question on the face of the complaint as required for removal under Section 1441, and the Court has jurisdiction over that claim.[2]

Plaintiff is correct that her state-law claims do not themselves present a federal question. *See* ECF No. 31 at 6. However, the Court has supplemental jurisdiction over those claims because they arise from the same case or controversy as her federal claim. *See* 28 U.S.C. § 1367(a).

Although "district courts may decline to exercise supplemental jurisdiction, in the Ninth Circuit, a court's discretion to remand may only be exercised if that court invokes a section 1367(c) statutory category."[3] *Maslic v. ISM Vuzem d.o.o.*, 2021 WL 4965005 (N.D. Cal. Oct. 26, 2021) (citing *Exec. Software N. Am., Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 24 F.3d 1545, 1556 (9th Cir. 1994)); *accord Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[D]iscretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c) . . . ."). Because none of the factors enumerated in Section 1367(c) is present in this case, the Court must exercise supplemental

---

[2] Although state courts have concurrent jurisdiction over Section 1981 claims, *DeHorney v. Bank of America Nat'l Trust & Savings Ass'n*, 879 F.2d 459, 463 (9th Cir. 1989) (per curiam), the existence of concurrent jurisdiction does not preclude removal, *McConnell v. Marine Engineers Beneficial Ass'n Ben. Plans, Dist. 1–Pac. Coast Dist.*, 526 F. Supp. 770, 772 (N.D. Cal. 1981) ("The clear mandate of [Section 1441(a)] is that only an express statutory provision may preclude removal."); *see also Win v. Salas*, 2018 WL 3093464, at *3 (N.D. Cal. June 22, 2018) (finding that claims under Section 1981 and Title VII of the Civil Rights Act "clearly [arose] under federal law," giving the court "supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367").

[3] District courts may remand claims to state court where:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

1  jurisdiction over Plaintiff's state-law claims.  Accordingly, given that the Court will exercise

2  jurisdiction over each of her claims, there is nothing for the Court to remand to state court.

3        For the foregoing reasons, Plaintiff's motion to remand is DENIED.

4  **IT IS SO ORDERED.**

5  Dated:  March 11, 2024



JON S. TIGAR
United States District Judge