UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CITIBANK, N.A,<br><br>  Defendant. | Case No. 23-cv-05378-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**<br><br>Re: ECF No. 80 |

Before the Court is Plaintiff Carneice Hall-Johnson's motion to strike Defendant Citibank, N.A.'s answer and affirmative defenses. ECF No. 80. The Court will grant the motion in part and deny it in part.

I.  **BACKGROUND**

Plaintiff alleges that on June 12, 2023, she deposited a cashier's check in the amount of $7,500.00 into her Citibank checking account. ECF No. 1-1 ¶ 1. Later that day, she was informed that her account was blocked because she had deposited a fraudulent check. *Id.* ¶¶ 2–3. Plaintiff's account was then deactivated on June 16, 2023. *Id.* ¶¶ 3–8. A Citibank employee allegedly told Plaintiff that her "race" and "the amount of [her] check" "set off the fraud alert." *Id.* ¶ 9. On July 28, 2023, Plaintiff received a check from Citibank in the amount of $6,629.50.[1] *Id.* ¶ 10.

On August 11, 2023, Plaintiff filed this action in San Francisco County Superior Court alleging violations of 42 U.S.C. § 1981, violations of California's Unfair Competition Law, and several state law tort claims. ECF No. 1-1 at 7–20. On October 20, 2023, Defendant removed the action to federal court.

---

[1] The complaint does not explain the discrepancy between the amount of money Plaintiff deposited and the amount of the check she received from Citibank.

On October 27, 2023, Defendant moved to compel arbitration. ECF No. 8. On March 11, 2024, the Court denied the motion and set a date for a trial on the issue of formation of an arbitration agreement. ECF No. 39. The Court denied Plaintiff's motion to remand to state court on the same day. ECF No. 37.

Before the trial date, Defendant withdrew its motion to compel arbitration, ECF No. 77, and filed an answer to Plaintiff's complaint, ECF No. 79. Defendant asserts seventeen affirmative defenses in its answer. *Id.* at 6–10. Plaintiff filed this motion to strike the answer and affirmative defenses on June 22, 2024. ECF No. 80. Defendant filed its opposition on July 8, 2024, ECF No. 84, and Plaintiff replied on July 16, 2024, ECF No. 85.

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f)[2] allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Relying on *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957), the Ninth Circuit has held that an affirmative defense is insufficiently pleaded if it fails to give the plaintiff "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The Ninth Circuit has not addressed "whether the 'plausibility' pleading standard for complaints articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to the 'fair notice' required of an affirmative defense in an answer, and district courts within the Ninth Circuit are split on that issue." *Espitia v. Mezzetti Fin. Servs., Inc.*, No. 18-cv-02480-VKD, 2019 WL 359422, at *2 (N.D. Cal. Jan. 29, 2019).

The "vast majority" of courts, however, including this one, have held "that the heightened pleading standard for complaints articulated in *Twombly* and *Iqbal* applies to affirmative

---

[2] Plaintiff also argues that the Court should strike Defendants' answer for failure to comply with requirements of the California Code of Civil Procedure. Plaintiff's motion to strike the entire answer on this basis is denied because state procedural rules do not apply in federal court. *See* Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court").

2

defenses." *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *13 (N.D. Cal. Feb. 20, 2020); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2017 WL 2311296, at *1 (N.D. Cal. May 26, 2017). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015) (quoting *Dion v. Fulton Friedman & Gullace LLP*, No. 3:11–2727–SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (citations omitted)). This standard "does not require extensive factual allegations, but [it] rejects bare statements reciting mere legal conclusions." *Finjan, Inc. v. Bitdefender Inc.*, No. 17-cv-04790-HSG, 2018 WL 1811979, at *3 (N.D. Cal. Apr. 17, 2018) (internal quotation marks and citation omitted).

In evaluating whether an affirmative defense is sufficiently pleaded, the court views the pleading in the light most favorable to the defendant. *FTC v. Lending Club Corp.*, No. 18-cv-02454-JSC, 2019 WL 7488991, at *2 (N.D. Cal. Apr. 29, 2019). If the court strikes an affirmative defense, "leave to amend should be freely given" unless doing so would result in prejudice to the opposing party. *Wyshak*, 481 F.2d at 826–27.

**IV.    DISCUSSION**

Defendant's first affirmative defense states that "Defendant is informed and believes" that Plaintiff's complaint "fail[s] to state a claim or cause of action against Answering Defendant." ECF No. 79 at 6. The failure to state a claim is not an affirmative defense. Rather, it is a "denial[] of a plaintiff's allegations on which the plaintiff bears the burden of proof." *Silva v. B&G Foods, Inc.*, No. 20-CV-00137-JST, 2021 WL 3160865, at *3 (N.D. Cal. July 23, 2021). The Ninth Circuit has made clear that "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Eidson Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Accordingly, the Court strikes the first affirmative defense.

All of Defendants' remaining affirmative defenses are likewise alleged solely upon information and belief. Also, Defendant makes no effort to "point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its

3

face." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

Defendant's third affirmative defense of laches, for example, is alleged as follows:

> Answering Defendant is informed and believes, and thereon alleges, that Plaintiff unjustifiably delayed in commencing this action, that said delay has prejudiced the rights of Answering Defendant and therefore, the Complaint should be barred under the Doctrine of Laches. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

ECF No. 79 at 6. "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Cap., LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009); *see also J & K IP Assets, LLC v. Armaspec, Inc.*, No. 3:17-CV-07308-WHO, 2018 WL 3428757 (N.D. Cal. July 16, 2018) ("Since [defendant]'s affirmative defenses are limited to single sentence recitations of 'mere legal conclusions' they are stricken from the answer."); *Finjan, Inc. v. Bitdefender Inc.*, 2018 WL 1811979, at *4 ("This affirmative defense is entirely devoid of factual content. The Court therefore finds that it does not meet the *Twombly*/*Iqbal* standard.").

Defendant's conclusory, boilerplate pleadings do not give Plaintiff fair notice of the asserted defenses. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004) (explaining that affirmative defenses are governed by the same pleading standard as complaints, and therefore must give plaintiff "fair notice" of the defense being advanced). Accordingly, the Court finds that Defendants' second through seventeenth affirmative defenses "are not sufficiently pleaded, as Defendant[s] provide[] no factual or legal explanation of the claims. Put another way, mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts." *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016) (collecting cases).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike the answer in its entirety is denied. Plaintiff's motion is granted with respect to Defendants' seventeen affirmative defenses, which are

stricken with leave to amend.  Defendants may file an amended answer within fourteen days of the date this order is issued.

**IT IS SO ORDERED.**

Dated:  August 19, 2024



JON S. TIGAR
United States District Judge