UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEICE KATHRINE HALL-JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.,<br><br>        Defendant. | Case No. 23-cv-05378-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 114 |

Before the Court is Plaintiff Carneice Kathrine Hall-Johnson's motion to remand this action to state court. ECF No. 114. The Court finds this matter suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will grant the motion.

I. **BACKGROUND**

Hall-Johnson originally filed this action in California Superior Court, County of San Francisco on August 11, 2023. ECF No. 1-1 at 3. She alleged that, when she tried to deposit a $7,500 check into her account with Defendant Citibank, N.A., Citibank flagged the check as fraudulent, opened an investigation, and closed Hall-Johnson's account. *Id.* at 4. Hall-Johnson further alleged that an individual "from Citibank Executive Officer [sic]" told her over the phone that the decision to accuse her of filing a fraudulent check and close her account was made because of her race. *Id.* at 6. Hall-Johnson's original complaint asserted several state-law claims as well as a claim for violations of 42 U.S.C. § 1981.

On October 20, 2023, Citibank removed the action to federal court based on federal question jurisdiction arising from Hall-Johnson's 42 U.S.C. § 1981 claim. ECF No. 1 at 2. Hall-Johnson thereafter attempted to file an amended complaint on August 29, 2024, ECF No. 95, a motion to remand on August 31, 2024, ECF No. 97, a second amended complaint on September 1,

2024, ECF No. 99, and a second motion to remand on September 1, 2024, ECF No. 100. The Court struck the first and second amended complaints because Hall-Johnson had not obtained leave to file them, and the Court denied both motions to remand as moot. ECF No. 103. Hall-Johnson then moved for leave to file an amended complaint, ECF No. 106, which the Court granted, ECF No. 110. Hall-Johnson filed her amended complaint, ECF No. 111, on February 13, 2025. The amended complaint asserts exclusively state-law claims.

Hall-Johnson filed the instant motion to remand, ECF No. 114, on March 2, 2025. Citibank opposes the motion, ECF No. 119, and Hall-Johnson has filed a reply. ECF No. 123.

## II.   DISCUSSION

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). If the district court determines that it lacks jurisdiction, the action must be remanded to state court. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005). It is the removing defendant's burden to establish the basis for federal court jurisdiction. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

Hall-Johnson argues the Court does not have jurisdiction because the amended complaint does not assert any federal claims. ECF No. 114 at 3–4. Citibank does not argue that the Court has federal question jurisdiction but instead urges the Court to assert supplemental jurisdiction over the action. ECF No. 119 at 2. The Court cannot do so. "When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025). Hall-Johnson's amendment "excise[d] the federal-law claims that enabled removal" of this action—namely, the 42 U.S.C. § 1981 claim—and thus there is no basis for subject-matter jurisdiction in this action.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

The Court concludes it lacks subject-matter jurisdiction over this action. Accordingly, the Court hereby REMANDS the case to San Francisco County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 14, 2025



_____
JON S. TIGAR
United States District Judge